UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

FILED
FEB 17 2021

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 2:21CR20 |
| v. | ) | CAUSE NO. _____ |
| | ) | |
| JUSTYN ARCH and | ) | |
| TRYSTAN ARCH | ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

### (Healthcare Billing Fraud)

At times material to this indictment:

**Background**

*Arch Complete Family Dentistry*

1. Arch Complete Family Dentistry was a family dental practice located in Northwest Indiana. The main office was located in Chesterton, Indiana and another in Crown Point, Indiana. A third location was briefly open in Knox, Indiana from approximately October 2015 to approximately May 2016.

2. Dr. Joseph Arch, Sr. and his son, Justyn Arch owned and operated "Arch Complete Family Dentistry." Dr. Arch was a licensed Indiana dental practitioner. Dr. Arch served as president of Arch Complete Family Dentistry. Justyn Arch served as

1

vice-president and the delegated administer for Arch Complete Family Dentistry. Dr. Joseph Arch, Sr. died on October 23, 2017. Justyn Arch worked at Arch Complete Family Dentistry, Inc., as the office manager at the Crown Point, Indiana location. Trystan Arch, Dr. Arch's youngest son, worked at Arch Complete Family Dentistry, Inc. as the office manager at the Chesterton, Indiana location. Arch Complete Family Dentistry was an authorized Indiana Medicaid provider of dental procedures and subject to all the rules and regulations related to that program.

*Osseous Surgical Procedures*

3. Osseous is a surgical procedure performed to bone and overlying tissues of the teeth to gain access to the diseased root and bone area, to remove bacteria and infected gums, and to reduce pocketing. (Pocketing is the space between gum tissue and a tooth which is normally enlarged with gum disease.) During the osseous procedure, the gum and jawbone are reshaped so that the gum tissue can adhere strongly to teeth. The pockets are reduced or eliminated by moving the gum closer to the bone.

4. For purposes of osseous surgery, the mouth is divided into four quadrants. Osseous is a painful procedure and most individuals will only receive treatment to one quadrant at a time. Patients very rarely have two quadrants completed in a single day. Osseous surgery can take 30 minutes to two hours per quadrant to complete. Osseous surgery is customarily performed by a periodontist. Medicaid pays approximately $500.00 to $1,000.00 per quadrant for each osseous surgery.

*Indiana Medicaid*

5. Medicaid is a federally assisted grant program for the states. Medicaid enables the states to provide medical, transportation, and related services to needy individuals, including disabled individuals and indigent families with dependent children. The Health Care Finance Administration (HCFA), a component of the United States Department of Health and Human Services (HHS), administers Medicaid on the federal level. Within broad federal rules, however, each state decides who is eligible for Medicaid, the services covered, payment levels for services, and administrative/operational procedures. The state directly pays the providers of Medicaid services, with the state obtaining the federal share of the payment from accounts drawn on funds of the United States Treasury. The federal share of each state's Medicaid program varies by individual state. The federal share in Indiana is approximately two-thirds; the state share is approximately one-third.

6. The State of Indiana through its Family and Social Services Administration participates in the Medicaid program (hereinafter Indiana Medicaid). Indiana Medicaid is a public health plan affecting interstate commerce under which medical and transportation benefits and services are provided to individuals.

7. The United States provided funds to Indiana through the Medicaid program pursuant to the Social Security Act. Enrolled providers of medical and dental services to Medicaid patients are eligible for reimbursement for covered services

3

under the provisions of the Social Security Act. By becoming a participating provider in Indiana Medicaid, enrolled providers agree to abide by the rules, regulations, policies, and procedures governing reimbursement, and to keep and allow access to records and information as required by Indiana Medicaid.

8. Indiana Medicaid reimburses enrolled health care providers, including dentist service providers, for covered services that are provided to patients who are Medicaid-eligible on the date of the provided service. Indiana Medicaid providers are required to abide by and comply with all federal and state statutes and regulations pertaining to the Indiana Medicaid program.

9. For Indiana Medicaid to pay a provider for a covered service or item, the provider must submit a claim either electronically or in written form to Indiana Medicaid (its contracted representative) stating all of the required information, including the service provided, the date of service, the code that corresponds to the service provided and the identity of the Medicaid patient receiving the service.

10. Providers enrolled in the Indiana Medicaid program agree to submit claims for only medically and reasonably necessary services that are covered under the program that are actually provided, and to only seek compensation to which the provider is legally entitled. Under the Indiana Medicaid Provider Agreement the State of Indiana entered into with all Medicaid providers, including Arch Dental and the defendants herein, Medicaid providers are prohibited from submitting claims for services that are not medically necessary or are not actually provided or for which the provider is

otherwise not legally entitled to receive payment. Providers further agree to promptly refund any duplicate or erroneous Medicaid payments received in error.

11. From approximately January 2015 to approximately October of 2017, in the Northern District of Indiana,

**JUSTYN ARCH and TRYSTAN ARCH,**

defendants herein, knowingly and willfully aided and abetted the execution and attempted execution of a scheme and artifice to defraud, and to obtain by means of false and fraudulent pretenses, representations, and promises, money owned by and under the custody and control of Indiana Medicaid, a health care benefit program as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of, and payment for health care dental benefits, items, and services.

12. As part of this fraud scheme, the defendants created false and fictitious entries in approximately 171 dental files for dental patients of Arch Complete Family Dentistry stating that osseous surgery had been performed on these patients.

13. As part of this fraud scheme, between approximately January of 2015 through September 2017, the defendants submitted false and fictious documents to Indiana Medicaid stating that these 171 patients of Arch Complete Family Dentistry had osseous surgery performed on them while knowing that no such procedure had been performed on these individuals. These false and fictitious claims for osseous surgeries totaled more than $350,000.

14. As part of this fraud scheme, Arch Complete Family Dentistry obtained Indiana Medicaid payments exceeding $350,000 for these fraudulently billed osseous surgeries.

15. Most of the fraudulently obtained Indiana Medicaid payments were deposited in Arch Complete Family Dentistry business bank accounts and then partially removed by the defendants. However, as part of this fraud scheme, in July 2017, Justyn Arch created an additional bank account at JPMorgan Chase Bank in the name Arch Complete Family Dental, Inc., and directly diverted $63,360 of these Indiana Medicaid payments to that account for his own personal use.

16. As part of this fraud scheme, Trystan Arch provided Justyn Arch the fraudulently obtained Indiana Medicaid checks that were sent to the Chesterton Arch Complete Family Dentistry Office.

17. As part of this fraud scheme, in May of 2015, Justyn Arch provided to Trystan Arch a check from the Arch Complete Family Dentistry bank account in the amount of $3816. At the time of the payment, this was the exact same dollar amount as the Indiana Medicaid payment for a two-quadrant osseous surgery procedure.

18. As part of this fraud scheme, on March of 2016, Justyn Arch provided to Trystan Arch a check from the Arch Complete Family Dentistry bank account in the amount of $3840. At the time of the payment, this was the exact same dollar amount as the Indiana Medicaid payment for a two, one-quadrant osseous surgery procedures.

19. As part of this fraud scheme, on or about August 3, 2017, Arch Complete Family Dentistry received a payment from Indiana Medicaid in the amount of $16,035.58, of which $15,360 were for fraudulent osseous surgeries. On August 3, 2017, this check was deposited in the Arch Complete Family Dental, Inc. account. The next day, August 4,

2017, Justyn Arch withdrew $16,000 from the Arch Complete Family Dental, Inc. account and deposited into his personal account.

20. As part of this fraud scheme, on or about September 18, 2017, Arch Complete Family Dentistry received a payment from Indiana Medicaid in the amount of $10,083.39, of which $9,600 were for fraudulent osseous surgeries. On September 18, 2017, this check was deposited in the Arch Complete Family Dental, Inc. account. Two days later, September 20, 2017, Justyn Arch withdrew $9,000 from the Arch Complete Family Dental, Inc. account and deposited into his personal account.

All in violation of Title 18, United States Code, Sections 1347 and 2.

**THE GRAND JURY FURTHER CHARGES:**

## FORFEITURE ALLEGATION

Upon conviction of the federal health care offense as alleged in Counts 1 of this Indictment, defendant(s) shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(7) all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, including but not limited to the following:

### 1. *Money Judgment*

A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses.

If the above-described forfeitable property, as a result of any act or omission of the defendant(s):

a) cannot be located upon the exercise of due diligence;

b) has been transferred or sold to, or deposited with, a third person;

c) has been placed beyond the jurisdiction of the court;

d) has been substantially diminished in value; or

e) has been co-mingled with other property which cannot be divided without difficulty; it is the intent of the United States pursuant to Title 21, United States Code, Section 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any

property of said defendant(s) up to the value of the forfeitable property described above.

                                        A TRUE BILL:

                                        s/Grand Jury Foreperson
                                        Grand Jury Foreperson

GARY T. BELL
ACTING UNITED STATES ATTORNEY

By:   s/Philip C. Benson
       Philip C. Benson
       Assistant United States Attorney